# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. JAFFE, individually and as Trustee of the Robert M. Jaffe Trust, dated 10/08/1990,<br><br>                         Plaintiff,<br>v.<br><br>MICHAEL DEMICH, et al.,<br><br>                         Defendants. | Case No.: 16-CV-0245 W (BGS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND THE COMPLAINT [DOC 33]** |

      Plaintiff Robert Jaffe requests leave to amend the First Amended Complaint ("FAC"). Defendants Michael Demich and Michael A. Demich Construction, Inc. (collectively "Demich") oppose.

      The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **DENIES** the motion [Doc. 33].

///

///

## I. BACKGROUND

In 2009, Plaintiff Robert Jaffe entered into an informal agreement with Defendant Michael Demich, under which Demich would perform work on Jaffe's property in Escondido, California, in exchange for a fee. (*FAC* [Doc. 4] ¶ 6.) Specifically, Demich was charged with improving "an appurtenant easement in the form of an access road adjacent to [Jaffe's] property and adjacent to the property of neighbor Robert Bradshaw" and two other neighboring properties owned by Corbett and Wymbs. (*Id.*) Demich entered into subcontracts with Joe's Paving Company ("Joe's Paving") to assist with the work. (*Id.* ¶ 7.) Jaffe alleges the contract with Joe's Paving "specified that Joe's Paving's billings for work would include the costs for Joe's Paving to obtain and maintain liability insurance for the work to be performed." (*Id.*) Jaffe also alleges he paid Demich to be added as an additional insured under Demich's general liability policy, and that Jaffe continued payments on the policy from 2009 through the conclusion of the work in 2012. (*Id.*)

From 2011 through 2013, Jaffe was involved in litigation against his neighbors Bradshaw, Corbett, and Wymbs, during which Jaffe claims he paid $580,000 in litigation costs. (*FAC* ¶ 17.) Jaffe alleges that his "liability for these damages arose, not as a result of any actual fault on his part, but solely by operation of law, arising from the actions of defendants and his agents as to the damage they caused to the neighbors' property." (*Id.* ¶ 13.) Accordingly, Jaffe alleges he is entitled to indemnity from Defendants for: (1) the damages paid to Bradshaw, Corbett, and Wymbs; (2) legal costs incurred in defending the underlying action; and (3) loss of value to his property resulting from the Superior Court's Judgment in the underlying matter. (*Id.* ¶¶ 18–20.)

While Jaffe concedes that no written contract existed between Demich and himself for general contractor services, he alleges a written contract existed for general liability insurance payments on Demich's policy issued by AIX Specialty Insurance Co. ("AIX"), under which Jaffe was named an additional insured. (*Plf.'s Reply* [Doc. 35] 2:11–14.) Jaffe contends a Certificate of Insurance issued on September 1, 2009 (the "Certificate")

by Target Financial & Insurance Services ("Target Financial") constitutes the written contract confirming Defendants' promise to provide liability insurance coverage. (*Id*. 2:14–19, 4:2–15.)  Accordingly, Jaffe alleges AIX's denial of his insurance claim for coverage for the underlying litigation constituted a breach of the written contract between Jaffe and Demich. (*Id*. 4:18–26.)  He now seeks to amend the FAC to add a cause of action for breach of contract based on the Certificate. (*P&A* [Doc. 33] 2:11–12.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, a party may amend its complaint only with leave of court, and leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Granting leave to amend rests in the sound discretion of the district court. Pisciotta v. Teledyne Industries, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996).  Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted).  Five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

In assessing whether a proposed amendment should be permitted, the court's limited role is identical to its role in assessing a 12(b)(6) motion to dismiss for failure to state a claim, namely to assess the legal feasibility of the complaint, not to weigh evidence or resolve the disputed facts of the case. See e.g., Luce v. Dalton, 166 F.R.D. 457 (S.D. Cal. 1996).  It follows that, when determining the legal feasibility of a proposed amendment, "[t]he Court must accept as true the complaint's material allegations and any reasonable inferences that may be drawn from them." Chavez v. Immigration Naturalization Service, 17 F.Supp.2d 1141 , 1143 (S.D. Cal. 1998), citing Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) ("We

take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party.").

Here, Demich argues the motion to amend should be denied because the proposed amendment has been proffered in bad faith, is untimely, and because it would be futile. (*Opp*. [Doc. 34] 3:22–7:1.) Because the Court agrees that the amendment would be futile, the remaining arguments will not be addressed.

### III. DISCUSSION

To successfully plead a breach of contract claim in California, Jaffe must allege facts demonstrating: (1) the existence of a contract; (2) Jaffe's performance of all contractual obligations; (3) Demich's breach; and (4) that Jaffe suffered damages from the breach. See Maxwell v. Dolezal, 231 Cal.App. 4th 93, 98 (2014). Under California law, the interpretation of a written contract is a question of law. Citri-Lite Co. v. Cott Beverages, Inc., 721 F.Supp.2d 912, 922 (E.D. Cal. 2010). So too is the question of whether a contract is sufficiently definite. Hynix Semiconductor Inc. v. Rambus Inc., 441 F.Supp.2d 1066, 1073 (N.D. Cal. 2006).

Here, Jaffe's reply clarifies that the proposed breach of written contract claim is premised on the theory that the Certificate constitutes the written contract in which Demich agreed to provide insurance to Jaffe:

> Plaintiff's breach of written contract claim . . . is based on the Defendants' promise to provide liability insurance coverage to Plaintiff. The claim is premised on the law of agency and on the Certificate provided to Plaintiff. It is the Certificate which constitutes the written promise by Defendants, through their agent, to provide insurance coverage to Plaintiff.

(*Reply* 4:1–6.) But the Certificate's terms do not support Jaffe's claim that it is a written contract. Printed at the top of the Certificate is the following statement:

> **THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER.  THIS CERTIFICATE DOES NOT**

**AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.**

(*See Robberson Dec.* [Doc. 33-1], *Exhibit C* [Doc. 33-3] at 1, emphasis in original.) The second page of the Certificate then includes the following "Disclaimer":

> The Certificate of Insurance on the reserve side of this form does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder, nor does it affirmatively or negatively amend, extend or alter the coverage afforded by the policies listed thereon.

(*Id*. at 2.)

Aside from the above terms, the Certificate also fails to include the essential elements of a contract. For example, assuming the document can be interpreted—at best—as requiring Demich to name Jaffee as an additional insured under Demich's policy, the document fails to identify any consideration flowing to Demich. "[S]ufficient cause or consideration" is an essential element of a contract under California Civil Code § 1550.

Because the Certificate is not a written contract between Demich and Jaffe, the proposed amendment would be futile.

## IV.  CONCLUSION & ORDER

For the reasons stated above, Plaintiff's motion for leave to amend is **DENIED** [Doc. 33].

  IT IS SO ORDERED.
IT IS SO ORDERED.

Dated:  March 30, 2017

_____
Hon. Thomas J. Whelan
United States District Judge

5

16-CV-0245 W (BGS)